## GEORGE W. CARD, APPELLANT, v. JOHN H. CARD AND OTHERS, RESPONDENTS.

*Specific performance—Evidence—Party to action—Husband of defendant.*

In an action against the heirs-at-law and administrators of a deceased, to compel the specific performance of an alleged agreement by the deceased to convey land to the Plaintiff, the Plaintiff is entitled to be sworn as a witness on his own behalf, although he is not competent to testify to transactions had with the deceased personally.

The refusal to permit him to be sworn cannot be held an immaterial error, *not calling for the reversal of the judgment,* upon a conjecture or presumption that he could not have testified to any facts material to his case, because it is found affirmatively that the contract relied upon is not proved.

*Non constat* that he could not have given testimony to facts other than transactions had with the deceased personally, which as against the heirs-at-law would have tended to prove the existence and binding force of the contract alleged.

THIS was an action for specific performance of a parol contract to convey land, alleged to have been made by one Job Card, deceased, in his lifetime, with the Plaintiff. The Defendants are the heirs-at-law, personal representatives, and judgment creditors of the deceased. The cause was tried before the Hon. D. Pratt, as Referee. On the trial, on the 25th day of April, 1860, the Plaintiff was offered as a witness generally in his own behalf, and was excluded. Several of the Defendants were sworn, and testified as witnesses for the defence, under the objection of the Plaintiff that they were incompetent under section 397 of the Code, being jointly interested with their Codefendants; and, as to certain of them, that they were husbands or wives of Codefendants, in whose behalf they were examined.

The sole finding of fact by the Referee in his report was as follows: "I find that the parol contract alleged in the Plaintiff's complaint has not been sufficiently proved to entitle him to a specific performance of the same." Upon which he certified that the complaint should be dismissed. Judgment was entered ac-

cordingly, which was affirmed at the General Term, and the Plaintiff appeals to this Court.

*A. J. Parker* for Appellant.

*F. Hiscock* for Respondents.

DWIGHT, J.—There are only two questions in this case, and both are questions of evidence under the Code, viz. : First, did the Referee err in excluding the testimony of the Plaintiff; and, second, did he err in admitting the testimony of the Defendants? The latter question presents no difficulty. The amendment of section 399 of the Code, adopted in 1860, was in force at the date of this trial, and it provided that "a party to an action . . . . may be examined as a witness in his own behalf, or on behalf of any other party, in the same manner . . . . as any other witness, except that a party shall not be examined against parties who are representatives of a deceased person, in respect to any transaction had personally between the deceased person and the witness; and except, also, that neither husband nor wife shall be required to disclose any communication made by the one to the other."

The Defendants were therefore entirely competent as witnesses in their own behalf, or in behalf of each other. The only restriction upon their examination was, that neither of them, who was a husband or a wife, could be required to disclose any communication made by one to the other. Section 397 of the Code was substantially abrogated in 1857, when, by an amendment of section 397, parties were admitted to be witnesses in their own behalf, subject to certain limitations of notice; and it was wholly abrogated, when, in 1860, these limitations of notice were removed. The object of section 397 was to enlarge the rule of the common law, so far as to permit parties to testify in behalf of their coparties, when that could be done without permitting them to testify in their own behalf. . Hence, it provided that a party might be examined on behalf of his coparty "as to any matter in which he was not jointly interested, and as to which a separate, and not joint verdict or judgment, might be rendered."

And therefore when, in 1857 and 1860, the Legislature abol-

ished the rule of the common law, forbidding parties to testify in their own behalf, it abolished the restriction of section 397, and that enactment might then as well have been stricken from the statute book. It has had no force or application, in any possible case, since 1860. Equally ineffectual was the objection, that certain of these Defendants stood in the relation of husband or wife to Codefendants; they were, nevertheless, under section 399, entirely competent to testify in their own or their Codefendants' behalf, subject only to the restriction as to the disclosure of communications with husband or wife. There was, therefore, no error in the ruling of the Referee admitting the testimony of the Defendants.

It is equally clear, from an examination of the same statute, that the Plaintiff was competent as a witness in his own behalf, as to any matter other than transactions had personally between himself and the deceased. The question is, whether the exclusion of this witness was an error for which the judgment should be reversed. It is clear that the Plaintiff was not competent to speak as to any transactions had personally between himself and the deceased. The action was against the heirs-at-law, the personal representatives, and the judgment creditors of the deceased, all of whom were proper and necessary parties thereto: the heirs-at-law, as succeeding to the title of the deceased by descent; the personal representatives, because they might need the avails of the real estate in question to pay debts; and the judgment creditors, because of their liens upon the property.

The fact that the personal representatives were made parties, and appeared in the action, brings the case within the express terms of the statute, which made the party incompetent to testify to personal transactions, etc., as "against parties who are representatives of a deceased person;" but I think that the statute equally disqualified the party to testify to such matters against the heirs-at-law, when the action related to the real estate of the deceased. In this, and in all similar cases, the heirs-at-law are made parties, *because* the action related to the realty. The heir-at-law succeeds to all the rights and responsibilities of the deceased

in respect to the realty, and is in all respects, pro hac vice, his representative. The executor or administrator, except in special cases, represents the deceased only as to the personal estate, and hence is denominated the " personal representative ;" while the heir-at-law, though not technically so denominated, is equally the representative as to the real estate.

The reason, or the rule under consideration, certainly applies with equal force to the case of the heir-at-law as to that of the personal representative. In either case the intention is, that the surviving party to the transaction in issue shall not have the unfair advantage of giving his version of the matter, when the other and adverse party to the transaction is prevented by death from being heard to contradict or explain it. The fact that the Legislature, in 1862, substituted the words " executors, administrators, heirs-at-law, next of kin, or assignees," for the term " representative," in the statute, seems to me not to contravene, but to support, the construction here given to the previous statute. The object of the substitution may well have been, to express more specifically the intention of the original statute, and to have no ground for the misconsideration which in one or two instances had been put upon it.

If the foregoing views are correct, the Plaintiff, if sworn as a witness, could not have been permitted to testify to any matter of personal transaction between himself and the deceased. Was there any other matter to which, as appears by the record, his testimony would have been pertinent and material? I do not think it possible to say that there was no such matter. It is true, that the only question considered by the Referee was, whether the parol contract declared upon was ever made. This he found not proved, and his decision was based upon this sole finding. It is true, also, that the Plaintiff could not have been permitted to give evidence of the actual making of the contract between the deceased and himself; but it is possible, nevertheless, that he might have given evidence of facts which would have borne upon that question, and that have been material to the issue. It is impossible to say that he might not have testified to direct and positive admissions by

the heirs-at-law, of the existence of such a contract. It is easy, also, to conceive of many circumstances possibly within his knowledge, which would have tended to establish the fact that such a contract had been made. But it is sufficient to say that the Plaintiff was competent as a witness, and that material facts may have been within his knowledge, to which he was competent to testify. Such being the case, his exclusion as a witness was a fatal error, for which a new trial should have been granted.

WOODRUFF, J.—Appeal from judgment for Defendants, on trial before a Referee, affirmed in General Term of the Supreme Court, in the Fifth District.

The Plaintiff filed his complaint against the Defendants as heirs-at-law of Job Card, deceased, to compel the specific performance of a contract alleged to have been made by Job Card, their deceased ancestor, for the conveyance to the Plaintiff of certain lands, the performance of which contract by the Plaintiff was averred by him. The husbands and wives of the several heirs-at-law, and the personal representatives of the deceased, were also Defendants.

On the trial, the Plaintiff was called as a witness on his own behalf. On objection by the Defendants, the Court rejected him as incompetent, and refused to permit him to be sworn.

The husbands and wives of the heirs-at-law were also called as witnesses by the Defendants, and, although objection was made by the Plaintiff that a husband could not testify in favor of his wife, and a wife could not testify in favor of her husband, they were permitted to testify.

Judgment was rendered for the Defendants, and it was found that no contract for the conveyance of the land to the Plaintiff was proved to have been made by the deceased ancestor.

On a review of the proceedings at the General Term, it appears to have been held that, although it was error not to permit the Plaintiff to be sworn, the judgment ought not to be reversed, because there could be no judgment for the Plaintiff without proof of a contract with the deceased, and, as he could not testify to any

transaction with the deceased personally, his testimony could not have changed the result. The finding that no such contract was proved, necessarily showed that no testimony which he could give would entitle him to a decree for the conveyance of the land.

In the present state of our legislation upon the subject, a party to a suit is competent to testify on his own behalf. He may not testify to transactions had personally by himself with the deceased person whose representatives are defending an action, the cause whereof is alleged to arise out of the contract of the deceased with such Plaintiff.

The Plaintiff was therefore not a competent witness to prove directly a negotiation with the deceased, nor an agreement by the deceased to convey the land, nor to give any testimony to what happened in any mere transaction or interview with the deceased personally. ' This is not doubtful, nor do I understand it to be questioned in this appeal.

The refusal to permit him to be sworn as a witness was not sustained as a correct application of the rule, in the Court below; but it was held immaterial, on the ground that, as he could not testify to any transaction with the deceased personally, the refusal to permit him to testify wrought no prejudice. Not having proved the fact of a contract with the deceased, he could not supply the defect by his own testimony; and therefore he could not, whatever he testified, have had a judgment in his own favor.

This view of the subject proceeds upon one of two assumptions : either that the restriction that the Plaintiff may not testify to transactions had with the deceased personally, means that he may not testify to any facts which tend to show that a contract between him and the deceased was made, and was performed by him ; or that it is not possible to conjecture that there are any such facts, which being proved, would warrant such an inference. While I think that, in a case of admitted error, the Court on review ought not to indulge in conjecture whether the error was prejudicial, and should reverse, unless it be beyond doubt that no harm to the party was possible, I am clear that both of the assumptions stated are erroneous.

The restriction in question is intended to prevent the party from testifying to the personal act, declaration, or conversation of the deceased. These are matters which, if he were living, he might explain, qualify, or contradict; but it does not prevent all testimony coming from the lips of the party which, if believed, might tend to establish the fact in issue, viz., that the transaction alleged to have taken place with the deceased did happen as alleged.

Illustrations may be suggested apt to the present case, which show that the Plaintiff might testify to facts not within the restriction, and yet which would warrant the inference that a contract for the conveyance of the land was made by the deceased.

And the pertinency of such illustrations is quite distinctly apparent, when it is observed that, in the Court below, the suspicion was deemed warranted that the Plaintiff's claim was an afterthought, gotten up after the decease of the ancestor, in reliance upon the disadvantage in the Defendants' position, in making proof unaided by the suggestions of the party by whom the contract was alleged to have been made.

The Plaintiff was, and had been for several years, in the occupation of the land in question. It is plain, I think, that there were many facts connected with such occupation not involving any transaction with the deceased personally, to which the Plaintiff might testify, and which, if true, tended to show that such occupation was as owner, in the expectation of receiving a conveyance, and in the performance on his part of just such a contract for the conveyance as the Plaintiff alleged in his complaint. The manner of his occupation, the disposition he made of the proceeds of the farm to his own use, his expenditures thereon, the making of large and expensive improvements in the erection of buildings or otherwise upon the premises, his actual support of the wife of the deceased for several years (that being a part of the alleged consideration of the alleged contract),—these and other circumstances might influence the judgment of the Referee on the question whether he had been acting as owner, and in expectation of a conveyance, and tend not remotely to an inference that some contract therefor existed.

Not only so, but the Court cannot say that, if sworn, he might not have testified to admissions by the Defendants themselves that such an agreement with the deceased, their ancestor, was made, and had been performed by the Plaintiff on his part. This would be clearly competent ; and yet it would tend to prove a transaction, to wit, a contract with the deceased, of whom, in respect of the title to this land, they were the representatives.

In my judgment, therefore, it is not possible to say that the Plaintiff could not have testified, if sworn, to any fact material to his case.  On this ground the judgment should be reversed.

The question whether husbands were competent to testify in behalf of their wives, or wives on behalf of their husbands, it is not profitable now to discuss.  If a new trial shall be ordered herein, they will be competent to testify under the law which has been amended since the trial of this action.

Judgment of Supreme Court reversed, and new trial ordered, costs to abide the event.