Leonard, J.
The trial was had upon special issues as to the due execution of a will and deed, and as to the competency of the testatrix, Mrs. Hogan, and also upon the question of undue influence exercised by Mr. and Mrs. Peugnet over the testatrix. The jury found against the competency of the testatrix, and that she was acting under undue influence of the said defendants.
The trial occurred in February, 1871. The judge admitted evidence to be given by the plaintiff, Mrs. Hatch, a daughter of the testatrix, of transactions and communications between the testatrix, Mrs. Hogan, and the plaintiff. Mrs. Peugnet is a legatee, and executrix named in the said will; and such evidence tended to maintain the issues in favor of the plaintiff, Mrs. Hatch, and against the defendant, Mrs. Peugnet. It was duly objected, by the defendant’s counsel, that such evidence was against the provisions of section 399 of the Code. The provisions of that section as amended in 1869, and in force at the time of the trial, stripped of verbiage not applicable to this case, are as follows: “Ho party to any action, nor any person interested in the event thereof * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such, examination, 'deceased, *183 * * * against the executor or survivor of such deceased person.” * * The admission of the evidence of Mrs. Hatch as to transactions and communications between herself and her mother, were against Mrs. Peugnet, an executor and legatee under the will in question. It was in clear disregard of the terms of the section of the Code, above cited.
It is urged that the presence of Mrs. Peugnet at the transactions and communications, as to which the evidence of Mrs. Hatch was given, relieves it of its objectionable features—that personal transactions and communications, referred to by section 399, are necessarily those of an individual character, when the other parties interested were not present. To sustain this criticism, we are referred particularly to Card v. Card, (39 N. Y. 317,) and Hier v. Grant, (47 id. 281;) but there is nothing in those cases to that effect. In Card v. Card, the referee refused to permit the plaintiff to be sworn, on the ground that he was incompetent, under section 399. The Court of Appeals held that he was entitled to be sworn, and to give evidence as to matters concerning which he was competent, although he could not testify as to transactions had with the deceased personally. To the same effect is Lobdell v. Lobdell, (36 N. Y. 327, 333.)
In Hier v. Grant, (supra,) it was held that proof of the fact that a conversation was had with ax deceased person, without proof of the conversation itself, was not objectionable under section 399, except in a case where the mere fact of a conversation is the material thing to be proved.
We have also been referred to similar statutes in Massachusetts and Missouri, and to decisions thereunder, (Shailer v. Bumstead, 99 Mass. 112; Garvin v. Williams, 11 Am. Law Reg., N. S., 643,) as tending to sustain the reason of the rule insisted on by the plaintiff’s counsel. But those statutes are quite different Horn section 399 of the Code of Procedure. The provision *184 of the statutes of those States relates to contracts, while section 399, more comprehensively, includes transactions and communications. The word “personal” in section 399, refers to and includes the deceased, as well as the witness.
In the present case, the evidence of Mrs. Hatch was material; tending very much to maintain their side of the issues. It was a clear violation of the section of the Code referred to, and must be held such a material error as to require that the verdict be set aside, and that a new trial be granted, with costs to abide the event of the action.
I am entirely satisfied, on reading the opinion of my brother Learned, that the order of the judge at circuit, refusing a new trial upon his minutes, is not, in the case of a trial of special issues in an equity action, appeal-able ; but the defeated party must wait until after the trial of the action at Special Term, or, at least, until after a motion at Special Term, for a new trial has been heard.
The question was not raised, at the General Term, by the counsel for either party. Hence I did not think it requisite to discuss it, in my opinion, although it was considered by the members of the court, in private. I was further inclined to decide the case upon the merits; as it appeared, conclusively, that the facts specially found by the jury can never be of any avail to the plaintiffs, because obtained by the admission of illegal evidence. I was also, further, so inclined for the reason that a motion had been made, at the last General Term in May, by the respondents, before Judge Gilbert and myself, to dismiss the appeal on the ground that the case had not been printed and served, as required by the rules; and the appellants had been required by the court, to serve the cases in season for the next General Term. Ho objection was then made, by counsel for either party, that the order denying a new trial was not *185 appealable. It was then urged by the appellants that the argument, at General Term, of this appeal should be postponed until a similar motion for a new trial had been made at the Special Term; but as it was not suggested that the present order was not appealable, it was considered by the May General Term to be the right of the respondents to have the appeal placed in a condition to be heard and disposed of. I am, however, entirely ready to concur in an order dismissing this appeal, on the ground that it is not a case within section 264, because it is not the trial of a cause, as provided in that section. Ho prejudice has been done to the appellant, inasmuch as the merits of the principal question have been considered by the General Term, and will, no doubt, be accepted by the judge before whom the case may be hereafter brought, at the Special Term.
Learned, J. It was held by the learned justice who tried the case, that the plaintiff, Mrs. Hatch, might testify as to any declarations of the testatrix, Mrs. Hogan, pertinent to the issue, made in the presence and hearing of the defendant, Mrs. Peugnet. And upon the argument, it was urged by the plaintiff’s counsel that, under section 399 of the Code, a personal transaction or communication between a witness and a person since deceased was one had individually and to the exclusion of other persons.
I agree with Justice Leonard that this is not the proper construction of that section. There is not, so far as I see, any reason for construing ‘‘personal” to mean “private.” There is nothing in the section which makes the admissibility of the evidénce depend on the fact that, át the time when it is offered, there is some person living who can contradict it. On the contrary, its , admissibility depends on the nature of the transaction to which it relates. In the present case, for instance, Mrs. Peugnet was living at the time of the trial, and *186 might therefore contradict the evidence of Mrs. Hatch. Bnt if that evidence were in its'nature admissible under section 399, it would have been equally admissible, although Mrs. Peugnet had died before the trial.
I am unable, however, to think that the case is properly before the court. It is an action for partition, in which is alleged the invalidity of a deed and will. (Sess. Laws, 1853, ch. 238.) Certain specific questions of fact were ordered to be tried by a jury. A trial was had, and their verdict has been rendered on those specific questions. At the close of the trial, the defendants moved for a new trial, upon the judge’s minutes. The motion was denied, without prejudice to the defendants’ right to move for a new trial upon a case, or a case and exceptions. From that order the defendants appeal. Ho decision upon the whole controversy has been given, and no judgment as to the validity of the deed, or of the will, or for or against the partition of the property, has been entered.
In the first place, I doubt if such an order is appeal-able. It is in the judge’s discretion to entertain this motion. (Code, § 264.) And where a judge denies it without prejudice to the right of the party to make the same motion on a case, there is not that refusal of a new trial, from which the party should be allowed to appeal. It seems to be practically a refusal to entertain the motion; leaving the party to the more regular mode of moving on a case made.
But there is another view, as to this appeal, which is more important.
The office and effect of feigned issues in chancery were well settled. They were to inform the conscience of the court. “The chancellor,” says Judge Bronson, “may order a new trial, although the judge who presided at the circuit is satisfied with the verdict. He may refuse a new trial, although there were errors in point of law, at the circuit. He may decree in accordance with the *187 verdict, or he may disregard the finding of the jury, and decree the other way. In short, the jury and the verdict are things which the court may use or let alone, as it sees good.” (Lansing v. Russell, 2 N. Y. 564. See also Marvin v. Marvin, 4 Keyes, 21; Armstrong v. Armstrong, 3 My. & Keen, 145.)
In the place of the chancellor is now the judge holding a Special Term or circuit. (Code, §§ 254, 255.) In the place of the feigned issues is an order for trial of issues. (Id. § 72.) And this present action is still an action triable by the court, (Id. § 254.) A jury trial therein is not a matter of right. (McCarty v. Edwards, 24 How. 236.) I see no reason to think that, under the present practice, a verdict of a jury on issues ordered to be tried by them, in an equity case, has any other force or effect than a verdict on feigned issues formerly had.
This case is not then fully tried. It does not appear whether the judge who shall hear it will not “disregard the finding of the jury, and decree the other way.” If he has the power to do this, as numerous authorities hold, why should the defendants come, now, to the appellate court; since they may be successful upon the whole case, when it shall come to be tried in the court below ? As was said in Lanning v. Russell, (ut supra,) “ The parties cannot come here until after a decree on the merits of the controversy. They should proceed to complete the trial before the Special Term, and to obtain a judgment. When the Special Term shall have rendered a judgment in favor of one party or the other, it will be time to appeal to this General Term. Besides, whatever the fact be in this particular case, an order for the trial of issues in an equity case may embrace only one out of numerous questions involved. The verdict may be utterly insufficient to decide anything, because so many other issues may be undecided.
Examination will show, I think, that title 8, chapter 3 of the Code does not apply to the trial of issues in an *188 equity action, but only to the trial in common law actions. For instance, section 264 directs the clerk to enter judgment in conformity with the verdict. This manifestly applies, exclusively, to common law actions. The special verdict provided for in section 261 does not apply to equity cases. For where there was no general verdict, and the answers of the jury were taken to specific questions not covering the whole issue, it was held a mistrial. (Manning v. Monaghan, 23 N. Y. 539,) But in equity cases it is not a mistrial to .submit only a part of the case to the jury, And the reason is that the residue is tried by the court.
So, by section 11, subdivision 2, an appeal from an order granting a new trial must contain an assent that judgment absolute be entered. But in an equity action the issue submitted" to the jury might be only a small part of the whole controversy. So that if the General Term can entertain an appeal before the complete trial of all the issues, and can grant a new trial, then the Court of Appeals, in affirming the order, would have to give judgment absolute. And yet only a single issue might have been tried; while others, perhaps more important, might remain undisposed of.
The General Term, in reviewing an equity action, ought to review it as such. But that cannot be done in this present appeal. Nothing is here now for review but the mere legal question on the admission of the evidence and alleged error in the charge.' Upon the whole merits we cannot now decide, because the court below has not decided thereon.
It appears to me, therefore, that in an equity action, even where certain issues have been submitted to the jury, still the action is to be tried by the court; and that. chapter 4 of title 8 of the Code must apply. The cases of Colie v. Tifft, (47 N. Y. 119,) and Farmers and Mechanics’ Banlc v. Joslyn, (37 id. 353,) without de *189 (riding this point, appear to me to indicate the correctness of these views.
[First Department, General Term, at New York,
November 4, 1872.
Ingraham, Learned and Leonard, Justices.]
The case of Clark v. Brooks, (2 Abb., N. S., 385,) is in accordance with what has been said, above. And the language of judge Hunt, in the opinion of the Court of Appeals, at page 406, seems to me directly in point. He says that the submitting of certain questions to a jury, in an equity action, is not a trial of the action. “ At a subsequent time, the action itself must be brought on to trial, when these preliminary proceedings are submitted to the court as a part of the proceedings in the case.”
If, then, this case has not been tried, I do not think that we can grant a new trial. In my opinion the appeal should be dismissed.
Ingraham, P. J., concurred.
Appeal dismissed.