ISAAC HOWELL, EXECUTOR, ETC., OF DAVID HOWELL, DECEASED, PLAINTIFF, *v.* SARAH TAYLOR, DEFENDANT.

*Declarations of testator as to disposition of his property — admissible — Code,§ 399 — "Personal transaction" — meaning of — "Assignee" — who included by — Testimony of non-expert as to sanity of deceased.*

This action was brought to recover certain personal property alleged to have belonged to the estate of plaintiff's testator, which defendant claimed by virtue of a gift from him. Upon the trial the defendant was allowed to prove declarations of the testator, made a few days before his death and after the making of the will, to the effect that he had not disposed of the property by his will, and that he calculated to dispose of it in his lifetime. *Held,* that the evidence was competent as showing an intention, on the part of the deceased, consistent with the claim of the defendant.

The words "personal transaction," as used in section 399 of the Code, do not mean private transactions, and the fact that the party against whom the testimony is offered was present at the interview and is living, and might be examined at the trial, does not authorize a party to the action, or one who is interested in the event thereof, to testify as to what was said to him by the testator at such interview.

The word "assignee," as used in said section, includes a donee of personal property.

Although a non-professional witness cannot express an opinion on the general question of sanity, yet he may be examined as to matters within his own observation bearing upon the competency of the testator, and may characterize as, in his opinion, rational or irrational, the acts and declaration as to which he testifies.

MOTION by plaintiff for a new trial on exceptions taken at the Circuit, and ordered to be heard at the General Term in the first instance, after a verdict in favor of the defendant.

The action was brought to recover the value of certain shares of bank stock of the value of $1,000, and a gold watch of the value of $100, claimed to have been the property of the plaintiff's testator, David Howell, at the time of his death. The defendant claimed the property by gift from the testator in his lifetime. The testator was unmarried and had no children, and the defendant was his cousin and was his housekeeper several years, and took care of him and nursed him in his last sickness. The cause was tried by a jury, who rendered a verdict for the defendant.

*G. O. Rathbone,* for the plaintiff.

*S. E. Cropsey,* for the defendant.

SMITH, J. :

The only questions in this case are presented by exceptions to rulings upon points of evidence, and to a refusal of the judge to charge as requested.

It is argued by the plaintiff's counsel that the court erred in excluding the testimony of the plaintiff's witness James Howell, as to a conversation about the watch that took place between him and the testator, in the presence of the defendant, almost six days before the testator's death. The witness was a brother of the testator, and a legatee and devisee in his will. And as the testator was unmarried and had no children, the witness was also one of his heirs at law and next of kin, unless the testator left his father or mother living, as to which there is no evidence. The case was probably tried upon the assumption, on both sides, that the testator's brothers were his heirs and next of kin, as the point is not now taken that such was not the case. The points now urged are that section 399 of the Code does not apply, because the question called for what deceased said in presence of defendant ; and because a donee of the deceased person is not within the section. The first point is not well taken. The question called for a conversation between the deceased and the witness, who as one of his next of kin, was directly interested in the event of the suit. The conversation was a personal transaction and communication between such witness and the deceased, and the presence of the defendant made it none the lesss so. "Personal transaction," etc., as used in the section, does not mean private, and the fact that the party against whom the testimony is offered was present and is living, and might be examined, is not a reason for allowing the witness to testify. (*Hatch* v. *Peugnet,* 64 Barb., 189 ; *Brague* v. *Lord,* Ct. App. Dec., 1876 ; 2 Abb. N. Cases, 1, and note 12.) The point that the defendant is not within the section, presents a question of more difficulty. Her relation to the deceased is that of a donee of personal property. The word "donee" is not used in the statute. But the term "assignee" is used, and the defendant, I think, is within the meaning of that term. Indeed, as a

part of the property claimed by her is a chose in action, to wit, a certificate of shares in the stock of a bank, she is, as to that, perhaps, within the letter of the statute. On the whole, I think the objection to the question was properly sustained.

Next, it is insisted that the court erred in overruling the plaintiff's objection to proof of declarations made by the testator a few days before his death, to the effect that he had not disposed of the watch by his will, and that he calculated to dispose of it in his lifetime. Although this testimony did not point to the defendant as the person to whom the testator intended to dispose of the property, yet, as it indicated a purpose to dispose of it during his life, and not by will, and as the defendant claims it by a gift *inter vivos*, the testimony was competent as showing an intention on the part of the deceased consistent with her claim, though it was by no means conclusive. The testimony of the witness Cropsey, who drew the will, which is the subject of another exception, is of a like character. He testified, under objection, that when he read the will to the testator, the latter said he did not want any thing more in it. The latter item of testimony was, at the least, harmless, since the will itself, which was in evidence, raised the presumption that the testator did not intend to make a testamentary disposition of the property in controversy, as it was not embraced in any of its provisions.

Isaac Howell, the plaintiff's witness already mentioned, testified that a week before the testator died he seemed to have no strength, sometimes only moved his lips when witness spoke to him. Witness could make out nothing. Sometimes he appeared deranged. The case then states that to the last answer defendant's counsel objected, and the objection was sustained, and plaintiff excepted. Assuming that the testimony was proper, the plaintiff was not prejudiced, as the objection was not taken till after the testimony was received, and it was not stricken out. But the testimony was incompetent. It was the expression of an opinion by a person not an expert, on the general question of the sanity of the testator. It is said, however, by the plaintiff's counsel, that the ruling was inconsistent with a subsequent ruling on the trial, by which the defendant was allowed to ask the witness, Adeline Force, whether there was any thing in what the testator said to her, as she had testified, that

led her to think there was any thing wrong about his mind. There is nothing inconsistent in the two rulings, and both were strictly correct. Although non-professional witnesses cannot express an opinion on the general question of sanity, they may be examined as to matters within their own observation, bearing upon the competency of the testator, and they may characterize as, in their opinion, rational or irrational, the acts and declarations to which they testify. (*Clapp* v. *Fullerton*, 34 N. Y., 190; *Hewlett* v. *Wood*, 55 id., 634.) Under that rule the testimony of the witness Force was admissible.

The only request to charge, the refusal of which is urged on this motion, was that there is no sufficient evidence of a valid gift of either the watch or the certificate. But careful reading of the testimony satisfies me that there was sufficient evidence on both points to sustain the verdict.

New trial denied, and judgment ordered for the defendant on the verdict.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

New trial denied, and judgment ordered for defendant on the verdict.