REBECCA Y. DANA, RESPONDENT, *v.* JANE H. WRIGHT, APPELLANT.

*Oral agreement for the purchase of land—the vendee may show that, upon the faith thereof, he has made substantial improvements thereon—when declarations of a party, hostile to but made before his acquiring his interests in the property, are admissible.*

This action was brought by the plaintiff, as the devisee of Charles Hathaway, deceased, to recover the possession of a lot formerly belonging to said Hathaway. The defense was, that the defendant had, prior to the death of the said Hathaway, entered into the possession of the lot under an oral agreement with him, which provided that the lot should belong to her, if she should thenceforth support and maintain one Mary Hathaway, a sister of the defendant and of the said Charles Hathaway, and that on the faith of the said agreement she did provide for and maintain the said Mary Hathaway, and made permanent and valuable improvements upon the property.

Upon the trial, the defendant offered to prove that, after entering into possession of the premises, relying upon the said agreement, she made substantial and permanent improvements thereon.

*Held*, that the evidence was admissible, and that the court erred in excluding it.

The defendant offered to prove by a witness, that the latter had heard the plaintiff say, at least three different times, previous to the death of Charles Hathaway, and within a year thereof, that she was sorry for "her Uncle

Charles, and she did not know what he would do, for he had to give Mrs Wright (the defendant) the house she lived in for taking care of Mary." *Held,* that the court erred in excluding the evidence. (Per WESTBROOK, J.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made at Special Term.

*Wm. Youmans,* for the appellant.

*Davie & Arbuckle,* for the respondent.

WESTBROOK, J.:

This cause was tried at the Delaware Circuit in June, 1879. It was an action of ejectment to recover the possession of a house and lot situated in the village of Delhi, in the county of Delaware.

It was admitted upon the trial of the cause, that Charles Hathaway, deceased, had the legal title to the premises in question in 1870. By the last will and testament of Hathaway, dated November 1, 1875, and a codicil thereto, dated November 11, 1875, and another dated December 16, 1875, and probated before an acting surrogate of Delaware county, on April 24, 1876, the premises in question were bequeathed to the plaintiff.

The defense was, that in the spring of 1871, the defendant had entered into the possession of the premises under a verbal contract with said Charles Hathaway, deceased, which provided that the same should belong to her if she thenceforth supported and maintained one Mary Hathaway, an infirm sister of Charles Hathaway, and of the defendant. That on the faith of such agreement the defendant did provide and maintain said Mary Hathaway, and did, also, make permanent and valuable improvements upon the property.

It is not disputed by the respondent, that if the defense was satisfactorily proven it was a bar to the action, even though the transaction was intended as a gift, and was not, as in this case, founded upon a consideration of care and support to be furnished an infirm relative. (*Lobdell* v. *Lobdell,* 36 N. Y., 327 ; *Freeman* v. *Freeman,* 43 Id., 34.)

The defendant certainly gave some evidence tending to show such an agreement as set up in the answer, and so the learned judge before whom the cause was tried thought, for he submitted the question of the existence thereof to the jury. It will not, however, be necessary to examine that evidence, for there must be a new trial for the exclusion of proper testimony offered by the defendant.

First. The defendant offered to prove by a witness, who was being examined, that "he heard the plaintiff say, at least three different times, previous to the death of Charles Hathaway, and within a year previous, that she was sorry for her uncle Charles, and she did not know what he would do, for he had to give Mrs. Wright the house she lived in for taking care of Mary." This was objected to as immaterial by the plaintiff's counsel, was excluded by the court, and the defendant's counsel excepted.

If declarations, such as those which the defendant offered to prove, had been made after the plaintiff acquired title, they would clearly have been admissible. (*Card* v. *Card*, 39 N. Y., 317, 320.) Though the admissions, if proved, did not necessarily establish the existence of a contract between the deceased Mr. Hathaway and the defendant, yet their tendency was in that direction. The effect and construction were for the jury. Does the fact that the plaintiff had not yet acquired title make the offered evidence improper? I am at a loss to see why it should. The party who now claims title has made declarations from which the jury had a right to infer the existence of an agreement between the defendant and the person from whom she derived title. The competency of the evidence does not depend upon the fact that the person making them then occupied such a position toward the subject of the controversy as to have an interest therein, but upon the fact that she made them at all. Very many cases can be put to illustrate the propriety of the evidence. A, professing to have a claim for services against B, makes an assignment thereof to C, who brings suit thereon, and B defends upon the ground of payment. Upon such an issue, would not the declarations of C, though made before the assignment to him, to the effect that he knew B had paid A in full, be evidence? Manifestly so, because he is a party to the action,

and what he has admitted to exist as a fact can be shown. The supposed case is very similar to the one before us. The plaintiff claims the possession of certain real estate under the will of Charles Hathaway, deceased; the defendant, conceding the legal title to have been in him, sets up an agreement with him as a defense. Why are not declarations made by such plaintiff, evincing a knowledge of the existence of such a contract, evidence? She is now a party, and what she has declared to be true must be competent.

Second. The defendant also offered to prove by the defendant that after she went into possession of the property she made repairs thereto, and made "improvements thereon each year down to the time Mary died." The evidence was objected to as immaterial, excluded by the court, and the defendant excepted.

The reporter's syllabus to the case of *Freeman* v. *Freeman* (43 N. Y., 34), is: "The real ground upon which equitable jurisdiction is exercised in such cases, either of sale or of gift, is to prevent a fraud being practiced upon the parol purchaser, or donee, by inducing him to expend his money in improvements upon the faith of the promise, and then depriving him of the benefit of such expenditures, and securing them to the seller or donor. GROVER, J."

This rule, perfectly well settled, required the admission of the rejected evidence, unless the defendant was an incompetent witness to give the testimony. This point is also expressly adjudged against the plaintiff in *Card* v. *Card* (39 N. Y., 317). On page 320, Judge WOODRUFF holds, that a party, who occupied the precise position of this defendant, was competent to prove, in an action with the heirs at law, the improvements he had made upon the premises, and the manner of his occupation.

For these reasons the judgment in this action must be reversed, and a new trial granted, with costs to abide the event..

BOCKES, J.:

Evidence having been given tending to prove the contract set up as a defense, it then became competent for the defendant to show that after her entry, and relying upon the contract, she made substantial and permanent improvements upon the premises. I therefore concur with brother WESTBROOK, in his conclusion that

there must be a new trial because of the exclusion of this evidence, and I put my concurrence on this ground only.

LEARNED, P. J., concurred with BOCKES, J.

Judgment and order reversed, new trial granted, costs to abide event.