FRIEND HOAR, RESPONDENT, v. MARY E. K. HOAR, AS ADMINISTRATRIX, &C., APPELLANT.

*Objection to testimony under section 829 of the Code of Civil Procedure—must. be specific.*

Upon the trial of an action brought against the representatives of a deceased person, the plaintiff having been called as a witness in his own behalf, the counsel for the defendants, before the plaintiff had been sworn or given any testimony, objected to him "on the ground that he is (was) an interested party, and incompetent under section 829 of the Code of Civil Procedure." The objection was overruled, and the plaintiff having been sworn gave testimony as to personal transactions had with the deceased, without any specific objection thereto being made by the defendants.

*Held*, that the objection was invalid, as being too general, and that it was properly overruled by the court.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*A. S. Newcombe*, for the appellant.

*J. N. Fiero*, for the respondent.

WESTBROOK, J.:

The claims of the plaintiff were for the purchase price of a gray mare, alleged to have been sold to the deceased, her keeping at the request of the deceased by plaintiff, and an assigned bill of Isaac Tammany for moneys collected by the deceased for him.

On presentation by the plaintiff to the defendant of his account, by consent of parties it was, under the statute, referred to E. S. Wood to hear and decide. The referee reported in favor of the

plaintiff, and from the judgment entered upon such report the defendant appeals.

The appeal presents one question arising upon two objections and two exceptions, as follows. Both the plaintiff and Isaac Tammany were sworn, and examined as witnesses on behalf of the plaintiff, and, prior to the administration of the oath to either, or the giving of any testimony by the proposed witness, the defendant's counsel objected in these words in each instance : " Defendant objected to this witness on the ground that he is an interested party, and incompetent under section 829 of the Code of Civil Procedure." This objection was overruled, and exception taken, and each witness then gave testimony of personal transactions or communications with the deceased, but no specific objection was made to such evidence, nor was any motion made to suppress it. Are the objections made, available ?

A reference to the section of the Code on which these objections were based will show that neither the plaintiff nor Tammany was an incompetent witness, but the prohibition is to either giving evidence " concerning a personal transaction or communication between the witness and the deceased person." The objections made were not valid, and if they had been sustained, the rulings would have been erroneous. (*Card* v. *Card*, 39 N. Y., 317.) It necessarily follows that the judgment cannot be reversed for a ruling by the referee, which was sound in law, and which would have been wrong had it been otherwise. It is true that illegal evidence has been in fact received, but the referee did not decide that it was proper, and there is no erroneous admission of evidence against a proper objection.

The judgment appealed from should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.