GOETTING et al. v. WEBER et ux.

(Supreme Court, Appellate Division, Second Department.  April 18, 1902.)

1. VENDOR AND PURCHASER—SETTING ASIDE CONVEYANCE—ACTION—ACCOUNT-
   ING—DETERMINATION OF FACTS.
       Plaintiffs in a suit to set aside a conveyance of real estate, having
   appealed to the equitable jurisdiction of the court, are not in a position
   to say that an accounting had under the eye of the court is not a
   proper determination of the facts.

2. SAME—AGREEMENT TO RECONVEY—EQUITY—DIRECTING RECONVEYANCE—COM-
   PLIANCE WITH AGREEMENT.
       Where a conveyance of real estate, to be reconveyed on payment of
   sums advanced to the grantor or paid on the property, was made with-
   out fraud, by a competent party, for a good consideration, a court of
   equity is justified in refusing to direct a reconveyance, except upon the
   terms fixed by the agreement; the evidence unobjected to being sufficient
   to support a judgment to that effect, and it appearing that substantial
   justice will thus be done.

3. SAME—EVIDENCE—ADMISSIONS—ADMISSIBILITY—BOOK KEPT BY DECEASED
   GRANTOR.
       In a suit to set aside a conveyance of real estate, which was to be
   reconveyed on payment of moneys advanced to the grantor by the
   grantee, some of which were claimed to have been advanced by the
   janitress of the premises, a book kept by the deceased grantor showing
   an entry of money received from the janitress was competent evidence,
   as an admission.

4. SAME—TESTIMONY AS TO HANDWRITING.
       Testimony of the janitress, who gave the grantor such money as he
   needed every day, that the book was in the handwriting of the de-
   ceased grantor, is not within Code Civ. Proc. § 829, prohibiting a party
   or person interested in the event from testifying against the adminis-
   trator of a deceased person concerning a personal transaction or com-
   munication with the deceased.

Appeal from special term.

Action by Louis Goetting, Jr., an infant, by August F. Charrot,
his guardian ad litem, and August F. Charrot, as administrator of
the estate of Louis Goetting, deceased, against John George Weber
and wife. From a judgment in favor of defendants, plaintiffs ap-
peal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Ira Leo Bamberger, for appellants.
Edward J. McCrossin, for respondents.

WOODWARD, J. This action is brought by the plaintiff, an infant, through his guardian ad litem, to set aside a conveyance of certain real estate, known as Nos. 103 and 105 Scholes street, made by the infant's father to his brother-in-law, the defendant. In July, 1892, Louis Goetting, plaintiff's father, was adjudged to be a lunatic, and was confined in a hospital; his wife, Elizabeth Goetting, being duly appointed as the committee of his estate. Subsequently, and on the 12th day of November, 1892, the said Louis Goetting was judicially declared to be of sound mind and competent to manage his property; and the committee of his estate was discharged, after making an accounting of the property which had come into her hands. On the 26th day of October, 1897,—five years later,—the said Louis Goetting made and executed a deed of the premises involved in this action to John G. Weber, defendant, for the expressed consideration of "one dollar and other good and valuable considerations"; and this deed seems to have been recorded late in the afternoon of April 11, 1898, in the office of the register of deeds of Kings county. At about the same time, although the instrument bears date of the following day, the following writing was entered into between the parties:

"Goetting v. Weber.

"Louis Goetting, having made a deed to John George Webber of the property 103 & 105 Scholes street, Brooklyn, in October last, this day authorized Towns & McCrossin to place said deed on record; Webber to deed back said property to Goetting on payment of whatever sums he may have advanced to Goetting, or paid upon said property, with interest.

"Witnesseth:

 "Agnes Paureiss.
 "Wm. Burk.
 "John G. Weber.
 "Louis Goetting."

The defendant, in his amended answer, alleges the existence of this agreement, and asks that he be allowed the amount of his disbursements, less the sums received for rents, etc., as a condition of the reconveyance of the premises to the plaintiff, sole heir of the said Louis Goetting. The learned court at special term, after a patient hearing of the case, and allowing the plaintiff great latitude in the introduction of evidence, has decided that the allegations of fraud made in the plaintiff's complaint are not sustained, "and that there was no fraud on the part of the defendants in obtaining the conveyance of the property described in the complaint herein; that the allegations set out in the complaint as to the insanity of Louis Goetting at the time of the conveyance of said property were not proven"; and "that the defendant John George Weber took the said property upon an agreement to reconvey the same to Louis Goetting, or his heirs, upon being paid whatsoever sums he may have expended for the said Louis Goetting, or upon said property, at the time of such reconveyance." The learned court then finds that certain claims, aggregating $2,978.36, were proven by the de-

fendants, and that the latter had received from rents, etc., $2,020.50, leaving a balance of $955.86 due to the defendants, and judgment was directed accordingly. From the judgment entered, the plaintiffs appeal to this court, urging a great variety of technical objections, and, in effect, asking this court to review in detail the items of the account.

As we understand this case, neither fraud on the part of the defendant, or insanity on the part of Louis Goetting, having been established, the defendant holds the property as security for whatever sums he may have expended for the said Louis Goetting, or upon the property. The deed is in the nature of a mortgage to secure the payment of moneys expended for the benefit of Louis Goetting, and there are no charges which do not appear to have been legitimate, or which might not be properly paid, within the terms of the agreement. The evidence, we believe, is sufficient to support the judgment; and the plaintiffs, having appealed to the equitable jurisdiction of this court, are hardly in a position to say that the accounting had under the eye of the court is not a proper determination of the facts. The conveyance having been made without fraud, and by a competent party, for a good consideration, the plaintiffs can demand a reconveyance only by complying with the terms of the agreement; and the evidence, independently of that to which objection was made, being sufficient to support the judgment, and it appearing that substantial justice has been done, a court of equity is justified in refusing to direct a reconveyance, except upon the terms fixed by the agreement between the parties to the original transaction.

We have examined the exceptions to the evidence on the ground that it was in conflict with the provisions of section 829 of the Code of Civil Procedure, and we are convinced that the court at special term did not err. For instance, it is alleged by the plaintiffs that objectionable evidence was admitted. The witness was Clementine Sommer, who had charge of the cleaning, and acted as janitress of the premises in dispute. She testified that she knew Louis Goetting; that "I gave him such money every day as he needed." There was no exception to this. Witness was shown a book, and was asked whose handwriting the book was in. She replied that it was Mr. Goetting's handwriting. She was then asked to state what was written there. To this, plaintiffs' counsel objected, as being within the inhibition of section 829 of the Code of Civil Procedure; some of the items of Weber's account being for moneys paid to Louis Goetting through the witness, or by the repayment of moneys advanced by her. The objection was overruled, and plaintiffs excepted, and the court asked, "What does the book show?" To this defendant's attorney replied, "It shows an entry of money received from this witness." The book was subsequently admitted in evidence over the plaintiffs' objections and exceptions. We are of opinion that this book was competent evidence, as an admission, and that the witness was not testifying to a personal transaction or conversation between herself and Louis Goetting, deceased, in stating that the book was in the handwriting of Mr. Goetting. See

Card v. Card, 39 N. Y. 317, 318; Cary v. White, 59 N. Y. 336; Simmons v. Havens, 101 N. Y. 427, 433, 5 N. E. 73. The other objections and exceptions proceed upon a like theory, and were properly overruled. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.