ices in that case were not rendered under a contract with the corporation, but the principle upon which the decision rests is not controlled by that circumstance. A court of equity. in this case might perhaps have required the delivery to the plaintiff of the certificate of stock heretofore issued, and a transfer to him on the books of the defendant company of the shares represented by it; but it could not compel the issue of the remainder of the stock, within the spirit of the Bateman Case, without the allegation and proof of those facts which are essential to the successful invoking of its peculiar jurisdiction.

It follows that the judgment herein must be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.

## In re ANDREWS.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. WITNESSES — TRANSACTION WITH DECEASED — EVIDENCE — OBJECTIONS—REVIEW.

On the hearing of objections to an administrator's account, an objection to a question asked of a witness, as to what occurred when the administrator came to witness' house, that the testimony involved a personal transaction with deceased, before any evidence involving such a transaction was given, and without any motion to strike out subsequent objectionable testimony on such ground given in answer to such question, was insufficient to present the admissibility of such evidence on appeal.

2. SAME.

Evidence as to a conversation overheard by witness between her mother, since deceased, and the administrator of her estate, with reference to an amount of money alleged to have been loaned by deceased to such administrator, to which witness was not a party, and in which she did not participate either by word or sign, and was not referred to in it, was not objectionable under Code Civ. Proc. § 829, prohibiting the admission of testimony concerning transactions with deceased persons.

Appeal from Surrogate's Court, Kings County.

Judicial settlement of the accounts of Milton B. Andrews as administrator of the estate of Amanda L. Andrews, deceased. From a surrogate's decree surcharging the account, the administrator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Robert H. Wilson, for appellant.
Robert H. Roy, for respondent.

HOOKER, J. This is an appeal by the accounting administrator of the estate of Amanda L. Andrews, deceased, from a decree of the Surrogate's Court confirming the report of the referee to whom the accounting was referred, and surcharging the account with the sum of $10,900. The only objection to the accounts filed was that the ad-

¶ 2. See Witnesses, vol. 50, Cent. Dig. § 696.

ministrator had failed to charge himself with that sum, being the amount of money the deceased had loaned to the administrator before her death, the objector therefore claiming that the administrator owed the estate that sum, and that his account should be charged therewith. We are not ready to interfere with the findings of fact that this amount of money represented a loan by the deceased to the administrator before her death, and that his accounts should be surcharged. The principal ground upon which the appellant attacks the decree is that the learned referee erred in admitting certain evidence in violation of the provisions of section 829 of the Code of Civil Procedure. His first objection on that score is that the testimony of the objector wherein she attempted to narrate the circumstances under which the deceased's account book was obtained by the accounting administrator was incompetent under the provisions of that section. The record, however, fails to disclose wherein the appellant raised the question upon the trial. The objector was asked to state what occurred when her brother, the administrator, came to her house. She replied that it was on Thursday morning, while they were sweeping the third floor; that her mother's room was on the third floor, and that she had been taken down to the second floor while they were cleaning her room. At this point, interrupting the answer, the attorney for the administrator stated, "I object to this testimony, as involving a personal transaction with the deceased." The objection was overruled, and exception duly taken, and the witness continued, "My brother came to the house, and before coming in he asked if Mr. Volck was home." The witness then detailed, without further objection or exception, an account of the administrator's coming upstairs, and, after inducing his mother, the deceased, to give him the key to a bureau drawer where she kept her account books and securities, how he procured them from that drawer; and there appears in the record no denial of any motion to strike out this evidence. What the attorney for the administrator said and did during the inquiry in relation to the manner in which these books were secured falls far short of presenting to this court any legal question involving a construction of section 829 of the Code of Civil Procedure.

A similar objection was presented at a point where the following occurred on the trial: The objector was questioned by her counsel, "Do you remember, Mrs. Volck, the conversation which you overheard between your mother and the accounting administrator a short time before the 20th day of December, 1899? A. I do. Q. Where was that conversation held between your mother and your brother? A. In her room, on the third floor back. Q. What did you hear at that conversation?" The administrator objected to the question on the ground that it was incompetent, immaterial, and irrelevant, and involved a personal transaction with the deceased, and was incompetent under the provisions of section 829 of the Code. The objection was overruled, and he excepted. The witness then answered: "I heard him ask my mother if she had kept an account of the money that she had loaned him. She said, 'Yes.' He said, 'So have I; that is all right.'" Nowhere is it made to appear that the witness took any part in the conversation, or connected herself with the transaction by word, sign, or deed. Indeed, the effect of the evidence is rather to establish an admis-

sion of the administrator on the subject of his indebtedness to his mother than an attempt to show any transaction between the deceased and the witness. This view of the evidence seems to be a complete answer to the objection of the appellant. The intention of section 829 of the Code is "that the surviving party to the transaction in issue shall not have the unfair advantage of giving his version of the matter, when the other and adverse party to the transaction is prevented by death from being heard to contradict or explain it." Card v. Card, 39 N. Y. 317, 323. Speaking of the provisions of this section, it is said in the opinion in Price v. Price, 33 Hun, 69, 71:

"The object of the rule is equally clear and plain. It is that, where death has closed the lips of one party to a personal transaction or communication between him and another, which the deceased could obviously contradict or explain were he living, the other shall not be a witness to prove such transaction or communication in an action against the representatives of the deceased. The evidence in such a case to be excluded may be that concerning a personal transaction between the witness and the deceased or that concerning a communication between them. In either case the survivor is not to be heard, because the dead person cannot be."

The administrator in this case does not labor under the disadvantage sought to be counteracted by the enactment of the provisions of the statute. The conversation as related by the witness was that she heard the administrator ask her mother if the latter had kept an account of the money she had loaned to him, to which she replied that she had; and the administrator then stated, "So have I; that is all right." The part which the deceased had in that transaction or conversation was so slight as practically to exclude any other view that that the evidence so offered and received to show an admission on the part of the administrator that he was indebted to his mother in certain amounts, and by the mother's death the administrator was not deprived of all evidence to dispute the testimony of the witness. Indeed, he himself was the principal party to the transaction, and not only could, but actually did, deny the statement of his sister. More than all that, however, even had the purpose and effect of the evidence not been to establish an admission on the part of the administrator, the testimony was admissible under the construction this section has received by the Court of Appeals in the case of Hutton v. Smith, 175 N. Y. 375, 67 N. E. 633. There Chief Judge Parker reviewed all of the leading authorities upon the question there presented, and sought to reconcile the O'Brien Case, 140 N. Y. 281, 35 N. E. 587, and the Bernsee Case, 141 N. Y. 389, 36 N. E. 314, whose apparent discrepancy the learned surrogate said gave him trouble. It is now settled, however, in the language of the court of Appeals in the Hutton Case, supra, that the rule is as follows:

"It has now been limited to this extent, at least: that all conversations or transactions between persons since deceased and a third party in the presence or hearing of the witness may not be testified to by such witness if he by word or sign participated in the transaction or conversation, or is referred to in the course of it, or was in any way a party to it." Page 382, 175 N. Y., page 635, 67 N. E.

The facts in this case are precisely within this rule. The witness neither by word nor sign participated in the transaction or conversation between her mother and the administrator, was not referred to

in the course of it, and was not in any way a party to it; and hence, having overheard it, she was a competent witness to testify as to what took place.

We have examined the other exceptions in the case, and find none upon which comment is necessary.

There has apparently crept into the decree an error to the extent of $100 in the amount with which the accounts of the administrator should be surcharged. The attorney for the respondent admits that the sum should be reduced from $10,900 to $10,800, and with this modification the decree should be affirmed.

Decree of the Surrogate's Court of Kings County modified in accordance with opinion of HOOKER, J., and, as thus modified, affirmed, without costs of this appeal. All concur.