CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.*

---

CHARLES C. SOUTHARD, AS ASSIGNEE IN BANKRUPTCY, &C. Respondent, *against* HIRAM BENNER *et al.* Appellants.

(Decided February 5th, 1877.)

The courts of this state have jurisdiction of an action by an assignee in bankruptcy to recover the proceeds of the foreclosure of a chattel mortgage made by the bankrupt in fraud of his creditors. Such a suit is not a matter or proceeding in bankruptcy within § 711 of the U. S. Rev. Stat., providing that the courts of the United States shall have exclusive jurisdiction "of all matters and proceedings in bankruptcy."

When in such an action the plaintiff has given evidence of uninterrupted possession and disposal of the mortgaged chattels by the mortgagor; *Held*, that the statutory presumption of fraud is raised, and a motion to dismiss the complaint on the ground that as respects the issue of fraud, no cause of action has been established, should be denied; and further

*Held*, that it is not error in such an action to charge, that if the mortgage was not fraudulent and defendants, the mortgagees, knew of sales of the chattels being. made but supposed the proceeds were to be applied to the payment of their debts, they were entitled to a verdict; but if the jury found the converse of those facts, the plaintiff would be so entitled.

APPEAL from a judgment in favor of Southard, as assignee, plaintiff entered upon a verdict rendered at a trial

---

* The decision here was affirmed by the Court of Appeals, Feb. 23d, 1878.

held before Judge VAN BRUNT and a jury.   The exceptions taken were to the refusal of the court to dismiss the complaint at close of plaintiff's case and to portions of the judge's charge.

The facts of the case were as follows :

On Dec. 4, 1872, one William H. Decker executed a chattel mortgage to defendants, who were copartners, to secure payment of $30,000 on demand.   The mortgage covered lumber of various kinds, being all the stock owned by the mortgagor, who continued in business until adjudged a bankrupt Dec. 15, 1873.   During the period above mentioned Decker sold this lumber at the rate of about $30,000 a month, and made purchases to replenish his stock.   No separate account was kept of the lumber mortgaged and that subsequently bought, and the proceeds of the sales were used by the mortgagor to meet his general liabilities and living expenses.   On Feb. 3, 1874, defendants foreclosed the mortgage and realized from the sale thereunder the sum of $2,217 36.   Plaintiff, as assignee in bankruptcy, brought suit to recover the proceeds of the foreclosure, claiming that the mortgage was void. Judgment upon a verdict was given in his favor for the sum named, with interest, from which the defendants appealed.

*A. J. Vanderpoel,* for appellant.

*Dudley Field,* for respondent.

LARREMORE, J.—No objection was made on the trial to the jurisdiction of the court.   But on the argument of the appeal it was urged that plaintiff, as assignee in bankruptcy, could not maintain this action in a State court.

Section 711 of the Revised Statutes of the United States confers upon the Federal Courts exclusive jurisdiction of all matters and proceedings in bankruptcy, but this is not a proceeding in bankruptcy.   The act to declare and extend the powers of executors, assignees, and trustees, and protect creditors from fraud (Laws 1858, ch. 314), authorizes an assignee of an insolvent for the benefit of creditors to disaffirm and

treat as void all transfers made of any estate or property in fraud of the rights of any creditor.

Our attention has been called to the case of *Frost* v. *Hotch-kiss* (14 Bank. Reg. 443) as an authority upon the question of jurisdiction. There the suit was brought, not by the assignee, but by a trustee in bankruptcy (chosen as such at a meeting of the creditors), to recover real estate conveyed by the bankrupt to his wife in fraud of creditors. The court on demurrer held that the State court had no jurisdiction, and properly so held, for § 5103, Revised Statutes United States, in pursuance of which such trustee was chosen, ex-pressly declares that the winding up and settlement of any estate under its provisions shall be deemed to be proceedings in bankruptcy. The sections of the act defining the powers and duties of an assignee in bankruptcy, do not prohibit a suit by him at law in a State court against a party whom the debtor might have sued. We are of opinion, therefore, that plaintiff had legal capacity to sue in this court. (*Cook* v. *Whipple*, 55 N. Y. 150.)

The first exception taken at the trial, was to the denial of the motion to dismiss the complaint on the ground that no cause of action had been established. In this we think there was no error. The statute of frauds expressly declares that every assignment of goods and chattels by way of mort-gage unless accompanied by immediate delivery and followed by an actual and continued change of possession of the thing mortgaged, shall be presumed to be fraudulent and void as against creditors of the mortgagor, and shall be conclusive evidence of fraud unless it shall be made to appear that the transaction was in good faith, and without intent to defraud. (2 R. S. [Edmonds ed.] § 5, p. 140.)

The uninterrupted possession and disposal of the mort-gaged property by the mortgagor, raised the statutory pre-sumption of fraud as to the validity of the transaction, and it was the province of the jury to decide upon the facts and circumstances presented whether or not the mortgage was made in good faith. (*Ford* v. *Williams*, 24 N. Y. 359.)

The remaining exceptions to the judge's charge and

refusals to charge may be considered under one head. The jury were instructed that if the mortgage was not fraudulent, and defendants knew of the sales of lumber, but supposed the proceeds were to be applied to payment of their debt, they were entitled to a verdict; and upon facts showing the converse of this proposition, the plaintiff would be entitled to a verdict. The charge of the learned judge was in conformity with the law as settled in *Gardner* v. *McEwen* (19 N. Y. 123); *Ford* v. *Williams* (24 N. Y. 359); *Conkling* v. *Shelley* (28 N. Y. 363); *Miller* v. *Lockwood* (32 N. Y. 293); *Frost* v. *Warren* (42 N. Y. 207).

There was nothing said that could have misled the jury, and no valid reason has been shown for disturbing the verdict.

CHARLES P. DALY, Ch. J. and ROBINSON, J., concurred.

Judgment affirmed with costs.