Lawrence, J.
Chapter 175 of the Laws of 1883, which is entitled “ An act to provide for the incorporation and regulation of co-operative associations, life and casualty associations and societies,” provides that in proceedings to restrain such corporations, etc., from doing business, etc., i( such corporations, associations or societies shall be entitled to be heard, and to a trial by jury of the facts stated in said report, and to examine papers and witnesses under oath in the usual mode of trials of actions, and the verdict of said jury shall be conclusive upon the propriety of restraining such continuance of business upon such report and opinion. And judgment shall be entered upon such verdict in the same manner- as in ordinary actions under the Code of Civil Procedure.” (See section 13).
The association against which this proceeding is taken is confessedly one of those referred to in the act just cited. It is quite clear, therefore, to my mind, that it is entitled to .a trial by jury, under the section of the act just quoted, of ■the matters and things alleged in the petition, and that no injunction should be granted, or receiver appointed, until those questions have been passed upon by a jury. The -.statute in question is a peculiar one, but I have no alternative but to follow its provisions.
The motions for an injunction and the appointment of a ¡receiver must therefore be denied, and an order will be granted placing the cause upon the circuit calender at an ■early day, in' order that it may be disposed of, under the provisions of section 13, chapter 175, of the Laws of 1883.
■Ordered accordingly.