Bradley, J.
The plaintiff was appointed receiver in proceedings supplementary to execution upon a judgment recovered by Lewis P Ross against ’the defendant Henry J. Beck, and brought this action to require the defend.ant Avery to account for the proceeds of the sale of a quantity of personal property of Beck, upon which it is alleged Avery had two chattel mortgages, pursuant to which such property was sold. And the alleged ground in support of such relief is that the mortgages were made and taken with the intent to hinder, delay, and defraud the creditors of the mortgagor. The relief demanded by the complaint is that the mortgages be so adjudged, and that Avery be required to account for and pay to the plaintiff the proceeds of such sale, or sufficient to satisfy the judgment of Ross, and that the plaintiff have such • other or further relief as he may be entitled to. The action was first moved for trial at special term, and the court there, by order, sent it to the circuit for trial. It is said this was done because it was treated as an action at law, •and triable by jury only. This is one of the orders which the plaintiff seeks to have reviewed on this appeal. The cause of action alleged in the complaint :is equitable in character, and therefore triable by the court without a jury. The right to require the defendant to account for and pay over the proceeds •of the sale of the mortgaged property to satisfy the j udgment represented by the plaintiff rested upon the ground that, as to the judgment creditor, the defendant Avery, by reason of the fraud, might be treated as trustee in respect to .such proceeds; and the remedy dependent upon such relation, to be determined by the judgment of the court, is necessarily equitable in character. Lawrence v. Bank, 85 N. Y. 320; Campbell v. Railway Co., 46 Barb. 540; Anthony v. *746 Wood, 96 N. Y. 180. In support of his contention that the case presented by the complaint was not one for equitable relief, but was the subject of an action at law, the defendant's counsel cites Southard v. Benner, 72 N. Y. 424, affirming 7 Daly, 40, which seems to have been tried by jury. But that action was brought by an assignee in bankruptcy to recover the proceeds of property transferred by the chattel mortgage of the bankrupt in fraud of his creditors, and it may be observed that by the statute of the United States under which he was appointed it was provided that “ all the property conveyed by the bankrupt in fraud of his creditors” should, “in virtue of the adjudication. of bankruptcy and the appointment of his assignee, be at once vested in such assignee.” Bankrupt Act, § 14 f Rev. St. U. S. § 5046. In Southard v. Benner the party making such transfer was adjudged a bankrupt in December, 1873, and the property was taken and sold upon the chattel mortgage in February, 1874. The title to the property became vested in the assignee in bankruptcy, assuming that the mortgage was in fraud of the creditors of the mortgagor, which afforded to the plaintiff in that action the right of action for the proceeds of the sale upon the theory as for money liad and received to his use, or as for conversion of the property, at his election. Schroeppel v. Corning, 6 N. Y. 112. In the present case the mortgages were, foreclosed. by sale of' the property, not only before the plaintiff was appointed receiver, but before■ the recovery of the judgment upon which the proceedings supplementary to-the execution, in which he was appointed receiver, were taken. The plaintiff did not, by force of any statute or otherwise, become vested with the legal title to the mortgaged property. Code Civil Proe. § 2468. But he represented, the judgment creditor so far as to enable him to maintain an action in equity to reach hot only property transferred by the debtor in fraud of creditors, but. to obtain the application of its proceeds in the hands of the party chargeable with male/ides in respect to such transfer, to the satisfaction of the judgment. Bostwick v. Menck, 40 N. Y. 383; Wright v. Nostrand, 94 N. Y. 31. The action is in the nature of a creditors’ bill, and for the purposes of the relief in view the receiver has the same right of action which the judgment creditor, after return of the execution, may have had, if the receiver had not been appointed. A creditor for such purpose in the meaning of the statute is one having a judgment upon which execution has been issued. Jones v. Graham, 77 N. Y. 628. The plaintiff represents such a creditor, and his right of action is not dependent upon the provisions of chapter 314, Laws 1858. Porter v. Williams, 9 N Y 142, and cases before cited.
The case of Pettibone v. Drakeford, 37 Hun, 628, cited by counsel, has not necessarily any application to the question here. It was there held that, an action at law to recover the possession of personal property which had been mortgaged by the judgment debtor, and taken by the mortgagee upon the foreclosure of the mortgage prior to his appointment, could not be maintained by the receiver appointed in proceedings supplementary to the execution, although the mortgage was made and taken in fraud of the creditors of the mortgagor. This was put on the ground that the receiver took no legal title to the property by force of the statute, and, inasmuch as the judgment debtor did not have such title, the receiver was not by his appointment vested with it. Code Civil Proc. § 2468. The only available remedy, in such case,, of the creditor, and the receiver so appointed, is equitable in character, and may be sought by him in an action of that nature, for which purpose the present action must be deemed to have been brought by the receiver. The demand of judgment by the complaint is not for a sum of money only, within., the meaning of the statute. Id. § 968. It also embraces the relief that the-mortgages be adjudged fraudulent, and that the defendant Avery be required, to account, etc. The nature of the action must be ascertained from the facts-alleged in the complaint, as the cause upon which the relief demanded is-founded, rather than upon the latter. Bell v. Merrifield, 109 N. Y. 202, 16. *747 H. E. Rep. 55. And without reference to the form of the judgment demanded, that is so after answer. Code, § 1207. This action, therefore, was triable by the court, and not by jury. Id. § 969. And the court in its discretion could properly direct that any or all the questions of fact be tried by jury, and cause those questions to be plainly stated for that purpose. Id. § 971. But the findings of the jury upon such trial are not conclusive of the facts so found, nor are they necessarily controlling upon the determination by the court of the facts involved in the issues so tried by jury The former practice, in equity cases, of awarding feigned issues, and taking the verdict of a jury upon them in aid of the chancellor, and to inform his conscience upon questions of fact, although differing in form, remains, in practical effect, substantially unchanged. Lansing v. Russell, 2 N. Y 563; Vermilyea v. Palmer, 52 N. Y. 471. And now, for like purpose in such cases, issues of fact may, in the discretion of the court, be framed and sent to the circuit for trial, and the court, on the further hearing had, may adopt, modify, or disregard the findings of the jury upon such issues. After the action has been brought on to hearing, and the trial finally concluded by the court, its decision in writing must be made in the same manner as if there had been no verdict of the jury upon such issues. Carroll v. Deimel, 95 N. Y 252; Acker v. Leland, 109 N. Y. 5, 15 N. E. Rep. 743. This practice has not been observed in the present case. Whether or not the trial may be deemed to have been completed for that purpose, no decision in writing was made by the court, as required, to permit the entry of judgment or for its support; nor is the record before us such as to legitimately present on this appeal any question for review upon the merits. A motion may be made for a new trial of the issues' tried by jury; and that may be done at the special term for which the final hearing is noticed. Colie v. Tifft, 47 N. Y. 119; Hatch v. Peugnet, 64 Barb. 189. But for the purposes of appeal and review on the merits there must be' a decision in writing, stating the facts found, and the conclusions of law, as provided by the statute. Code Civil Proe. § 1022. And the questions may be raised by exceptions to such findings and conclusions, and to refusals to' find, as is the practice in cases tried by the court.
While it may have been more orderly in method to have sent specifically framed issues to the circuit for trial than to have made the order sending the" action to the circuit without qualification there for trial, the court did at the' circuit submit specific questions of fact to the jury, and no objection seems to have been taken to going to trial. We are therefore inclined to think that, notwithstanding the irregularity in so sending the case there, the trial, as of such specific questions of fact so submitted, and the verdict thereon may stand; that it must be treated as in an equity case; and that from that stage of the proceeding in the action the parties may proceed as if nothing further had been done. What the result of the completed trial may be we are not' now advised. That will appear by the decision of the court when made. The questions upon the merits, discussed by counsel, are not properly now here, and therefore they receive no consideration. The parties can go to the' special term for such relief against the effect of delay or laches (if any) as-they may be advised is necessary for any purpose. These views lead to the" conclusion that the judgment, the order pursuant to which it was entered, and all orders subsequent to the verdict, should be reversed, and that further proceedings be had in accordance with the practice in such cases, with costs of this appeal to the plaintiff to abide the event. All concur.