JOHN BROWN AND OTHERS, APPELLANTS, *v.* ALICE BROWN
AND OTHERS, RESPONDENTS.

*Action for partition — what issue therein is triable by a jury under section* 1544 *of
the Code of Civil Procedure — a reference is proper where the main question relates
to the condition of the accounts between the parties.*

The issue of fact in an action for partition, which, under section 1544 of the Code
of Civil Procedure, is triable by a jury, is an issue which involves the right to
maintain the action.  This section has no application unless some defense is
interposed which, if successful, will prevent any partition whatever.

It does not apply to a case in which the only matters in controversy relate, directly
or indirectly, to the accounts with which the respective shares are chargeable.

Where the true condition of the accounts between the respective parties is one of
the main questions presented by the case, although other issues may be involved,
an order of reference is proper.

APPEAL by plaintiffs from an order of reference, made at the
New York Special Term, in an action for partition, and entered
in the office of the clerk of the county of New York on the 19th
day of September, 1888.

*Artemus B. Smith,* for the appellants.

*James W. McElhinney,* for the respondents.

BARTLETT, J.:

By its terms, the order from which the plaintiffs have appealed
refers this action, and all the issues herein, to a referee to hear and
determine the same.  The appellants insist that they are entitled to
a trial by jury.  This view could hardly have been entertained at
the time the motion for a reference was argued; for one of the
plaintiffs, in an affidavit read in opposition to that motion, stated
that the case had been noticed by his attorneys for trial at Special
Term, and that he desired and intended to have the cause duly
placed upon the Special Term calendar and brought to trial in its
order.  More than this was requisite, however, to constitute a waiver
of the right to a jury trial (Code Civil Pro., § 1009), and we must,
therefore, inquire whether the plaintiffs were entitled to such a trial
under the pleadings.

Section 1544 of the Code of Civil Procedure provides that an issue of fact, joined in an action for partition, is triable by a jury. The issues of fact to which this provision relates are only such as involve the maintenance of the action. It has no application, unless some defense is interposed, which, if successful, would prevent any partition at all. Such a defense, for example, would be a denial of the plaintiff's title, or a denial that the parties were joint tenants or tenants in common. But in a case like the present, where both parties pray for a partition, and where there is no dispute as to their proportionate interests, but the only matters in controversy relate, directly or indirectly, to the amounts with which the respective shares are chargeable, neither party is entitled to a trial by jury as a matter of right; and if the trial will require the examination of a long account on either side, the action may properly be referred.

I am satisfied that the examination of a long account will necessarily be involved. An agreement is attached to the complaint, embodying an arrangement into which the parties entered for the improvement of the land now sought to be partitioned, and the erection of houses thereon. It provided that the plaintiff John Brown should have an interest of two undivided fifths in said property, the plaintiff James Lamb one undivided fifth, and the defendant Alice Brown two undivided fifths, "upon his and her each paying his or her like proportion of the costs of said lands and of all improvements thereon." Each of the parties also agreed to furnish his or her full share of the moneys required for the purposes aforesaid in proportion to his and her interest in said lands, and any one who furnished less than his or her full proportionate share was to be chargeable with and to pay interest on such deficiency to those who furnished the necessary moneys. The erection of the buildings was to be superintended by the plaintiff John Brown, and upon the sale of the land and buildings, or any portions thereof, the parties were to share the profits or losses of the undertaking in proportion to their respective interests in the land. The plaintiffs, in their complaint, expressly demand that an account may be taken of all the dealings and transactions of the parties to the said agreement, and an account of the amounts contributed, received and paid by the said parties thereto, respectively; and the defendant Alice Brown, in her answer, prays that the plaintiff John Brown may be ordered

to file and render a verified account of his proceedings in relation to the matters and things set forth in the complaint, and that said account be passed, stated and allowed by this court or a referee to be appointed herein. It will be seen, therefore, that the parties agree as to the necessity of an accounting, and it is evident that the true condition of the accounts between the parties is one of the main questions arising in the case, although other issues may be involved. Under these circumstances, an order of reference is proper. (*Genet* v. *Delaware, etc., Canal Co.*, 12 Civ. Pro. R., 448.)

But the appellants contend that whatever accounts existed between the parties have become stated by virtue of a clause in the agreement between them, which declares " that the accounts of the costs of said lands, the costs of the improvements thereon, and the expenses connected therewith, and also the accounts of money furnished by each of them," for the purposes of the agreement, are stated in and appear upon the books of account of the plaintiff's firm. I do not think this clause in the agreement was intended to be a conclusive admission of the correctness of the accounts as contained in the books of the plaintiff's firm, so as to preclude the defendants from alleging and proving them to be erroneous. It is rather to be regarded merely as a declaration that such accounts are *prima facie* correct, and it puts upon the defendants the burden of showing that they are not so. This seems to be a fair construction of its scope and meaning.

The facts presented for the consideration of the court below showed that the case could be more suitably and satisfactorily tried before a referee than in any other way, and, as there was jurisdiction to make the order of reference, it should be affirmed, with costs.

DANIELS, J., concurred.