trial ordered, with costs to abide the event.    Ordered accordingly.    All concur.

### APPEAL FROM ORDER DENYING MOTION FOR NEW TRIAL.

VAN BRUNT, P. J.  An examination of the record in this case does not lead us to any different result from that which was arrived at by the special term. The newly-discovered evidence, because of which a new trial is sought, is not of that character which enables the court to say that its introduction would probably lead to a different result, and the only circumstance disclosed by the record, which has caused any hesitation in coming to the conclusion that the order should be affirmed, is the statement contained in the record by the plaintiff's counsel during the progress of the trial that the plaintiff had already stated that he was perfectly sound and healthy before his fall and injury, and that he had received none other.  If this was to be deemed as a stipulation upon the part of counsel of a fact, then, clearly, it was not entirely true.  But it does not appear that it was intended to be of that character, but a mere statement on the part of counsel of what the plaintiff had previously testified to, and which was not in fact a correct statement of any testimony which he had given.  We do not think that although this statement may have been incorrect a new trial should, necessarily, be granted for that reason.  The newly-discovered evidence does not seem to be of that gravity which would justify the court in vacating the judgment which has already been obtained.  It may possibly have some effect upon a new trial; but there is not that certainty as to its effect which is necessary to be seen in order to give the defendants the right to a new trial of the issues involved.  The order should be affirmed, with $10 costs and disbursements.  All concur.

---

STONO *v.* WEILLER.

*(Supreme Court, General Term, First Department.    June 26, 1890.)*

1. RIGHT TO TRIAL BY JURY—EQUITABLE RELIEF.
    An action wherein the complaint seeks to have set aside, on the ground of fraud, a release to defendant of all liability for causing plaintiff's arrest, and to recover damages for malicious prosecution, is for equitable relief, and is not triable by jury.

2. DURESS—PER MINAS—EVIDENCE.
    Evidence that while plaintiff, in an action for malicious prosecution, was under arrest for embezzling money of defendant, the latter made threats that unless plaintiff paid him a certain amount, and gave him a general release from liability for causing the arrest, he would send him (defendant) to the state-prison, and that plaintiff executed the release, will not sustain an action to have the release set aside as having been obtained by duress *per minas,* unless followed by proof that the threats were the inducing cause of the execution of the release.

Appeal from special term, New York county.

Action by Louis Stono against Herman Weiller.    Judgment for defendant, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*A. B. Moore,* for appellant.    *S. B. Hamburger,* (*S. F. Higgins,* of counsel,) for respondent.

VAN BRUNT, P. J.    This action was brought to set aside a general release executed by the defendant, and to recover damages for malicious prosecution. Upon the case coming up for trial before a judge and jury, the court refused to try the case with a jury, and sent the case to the special term for trial, upon the ground that equitable relief was asked for; to which the plaintiff excepted.    The case subsequently came up for trial at special term before a judge without a jury, and upon the evidence offered upon the part of the plaintiff the court dismissed the complaint; which ruling was excepted to, and these exceptions are the ones which are brought up by this appeal.

It is urged that the plaintiff had a right to a trial of the question of the fraud in the release by a jury, and that the practice of allowing questions of this character to be heard by a jury is as old as civilization. We think, however, that, under any condition of the pleadings, the allowing of such questions to be tried by a jury as matter of right is quite a modern innovation. It is undoubtedly true that, if the pleader had drawn his complaint in proper form, he might have had this question of duress in respect to the release tried by a jury; but he has chosen in his complaint to assail the release, and ask that it be adjudged fraudulent and void, and only a court of equity can grant such relief. If he had sued for the damages for malicious prosecution, ignoring the release altogether, and the defendant had set it up as a defense in his answer, he might have attacked the release before a jury. But having asked to have it set aside in his complaint, the action was properly triable before the court without a jury. In fact, until the innovations introduced by the Code, he could not have maintained his action for malicious prosecution at all without first bringing his action in equity to set aside the release.

It appears from the evidence that the plaintiff had been arrested for embezzlement, and that while under arrest the defendant had made threats that unless the plaintiff paid him $50, and his attorney $25, and gave a general release, he would send him to the state-prison; but there is no evidence in the case upon the part of the plaintiff that he executed this release because of such threats, or that they constrained the will of the plaintiff, and induced the execution of the release. It may be that the plaintiff intended that this should be inferred, but no such evidence appears in the case presented upon this appeal. It appears to us that the absence of this class of evidence is fatal to the plaintiff's claim. Had it been present, an entirely different case would have been presented. In the case of *Dunham* v. *Griswold*, 100 N. Y. 224, 3 N. E. Rep. 76, and *Schoener* v. *Lissauer*, 107 N. Y. 111, 13 N. E. Rep. 741, such threats, where a party is under arrest, will support the claim that a promise was obtained by duress *per minas.* There being no evidence, however, that these threats were the inducing cause of the execution of the release, we think the judgment appealed from should be affirmed, with costs. All concur.