### KRENZLE v. MILLER.

*(Supreme Court, General Term, First Department. July 18, 1890.)*

**JURY TRIAL—JUDGMENT FOR MONEY ONLY.**

A complaint demands equitable relief, and not a judgment for a sum of money only, within Code Civil Proc. N. Y. § 968, providing what issues are triable by jury, which states that a chattel mortgage purporting to secure a debt due the defendant was made in trust for her by the plaintiff's husband, induced by undue influence, and that it has been foreclosed, and the proceeds appropriated by the defendant; the prayer being that he be required to account for the amounts received, with interest, and that the chattel mortgage be adjudged null and void. VAN BRUNT, P. J., dissenting.

Appeal from special term, New York county.

The plaintiff, having demanded a jury trial, appeals from the refusal of the judge at special term to grant it. Code Civil Proc. N. Y. § 968, provides that an issue of fact must be tried by a jury in an action in which the complaint demands judgment for a sum of money only.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*W. M. Rosebault,* for appellant. *Martin & Smith, (George C. Strong,* of counsel,) for respondent.

BRADY, J. This appeal is presented in such imperfect form and substance that it might be dismissed. It contains no certificate or consent, as required by the Code and rules of the court; but having examined it, and having discovered that it presents no merits, it may readily be disposed of adversely to the appellant on the question attempted to be presented.

The plaintiff claimed that a chattel mortgage made to the defendant, and foreclosed by him, was given to him in trust for her benefit, and that the proceeds which she sought to recover belonged to her. The defendant succeeded on the merits; but the plaintiff, having demanded a jury trial, appeals from the refusal of the judge presiding at special term to grant it. The complaint presented a case for equitable intervention. The paper referred to was by the complaint alleged to be different from its purport, and the court was asked to reform it by impressing a trust upon it, and then to carry out that result to its legitimate ends, namely, a judgment declaring the proceeds of the sale of the trust-estate to belong to the plaintiff. The complaint alleges undue influence, and asks that the defendant may be required to account. This makes the action, taken in connection with other facts asserted, one of equity. As said in *Bell* v. *Merrifield,* 109 N. Y. 207, 16 N. E. Rep. 55: "The mere fact that the complaint asks for a money judgment does not necessarily show that the case is one for trial by jury. Courts of equity give a judgment for money only where that is all the relief needed." Here, however, relief is needed which is essentially preliminary to the money judgment, namely, a change in the character, design, and object of the mortgage; then, if that be ordered, an accounting to determine pecuniary results by that proceeding; and then a judgment for the sum found to be due. It is unnecessary, indeed, to state anything more to show how certainly right the ruling was which is complained of. The case cited illustrates the principles to be applied here, and none other is requisite. The appeal was, it would seem, only a waste of time and expense, for the reason that the plaintiff lost upon the merits, but appealed not. The judgment should be affirmed, with costs.

VAN BRUNT, P. J. I dissent. I am of the opinion that the appeal should be dismissed.

DANIELS, J., (*concurring*.) I agree to the result, although the court might very well decline to hear the appeal because of the incomplete condition of the papers.