Patterson, J.
The conclusions at which I have arrived on this application for judgment are as follows, viz: First. The motion-to vacate the order denying the motion for a new trial made at the circuit and for a rehearing of that motion cannot be entertained. The authority to consider such a motion expired with the circuit at which the action was tried.
Second. A motion having been made at the circuit - on the judge’s minutes and denied and that court having adjourned sine die, the only way to review the verdict and the facts—as the case now stands—is by *100 appeal from the order entered denying the motion.. Motions for new trials in jury cases are allowed and regulated by statute and are not a matter of right independent of the statute.
Third. The verdict of the jury is conclusive on the-special term at this stage of the case. While partition is an equitable action the statute has given the absolute, right to a trial thereof by jury and there is no inherent power in a court of equity to disregard the verdict of a jury where the trial in that method is a matter of legal right. That right was claimed by the defendants and. allowed. Either special framed issues may in such-actions be tried by the jury or all the issues may be submitted. Here, by the election of the defendants, the case was tried on the pleadings and all the issues, were disposed of by the verdict. Thereafter there was nothing for the court at special term to try, and there being a general verdict in favor of the plaintiff and a. new trial having been refused, and there being no-remaining issues to be tried the cause was ripe for decree on motion to the special term. The whole controversy was litigated before the jury and the-defendants cannot have two trials in different tribunals, of the same issues.
Fourth. The fundamental questions of law relating-to the right of the plaintiff to maintain this action were necessarily involved in the trial at the circuit, and the rulings of the court on such of them as were brought to its notice are not the subject of re-examination here. They can be reviewed only by appeal. In view of precedents cited by the defendants on this application, concerning the complete execution of the power of sale-by the executory contract made between Banning, executor, and the purchaser at the auction sale, and the construction-given in those precedents to section" inp of the statute of powers, the ruling at- the circuit ought *101 to be reviewed. There is another question of law which was not raised at the circuit—for there the whole case was declared to be included within the three branches or questions stated on the record on the opening of the case—and that is the existence of a valid power of sale as a barrier to the plaintiff’s right, to partition the property.
Fifth. As the case stands the plaintiff is entitled to •a decree, the court now being without power to set aside the verdict orto order judgment contrary thereto All proceedings after decree will, however, be stayed that the defendants may perfect an appeal within the time allowed by law, from both the judgment to be ■entered and the order denying a new trial.
Note on the Statutory Rights to Trial by Jury in Equity Causes.
Legal and equitable form of action. Steadily though gradually the old distinction between common law and equitable causes of action is losing its sharpness of definition, the instances are becoming more and more frequent in which the courts cautiously decline to say whether the ■cause of action is one or the other, and the uncertainty of professional impression is proportionally increasing. But while this distinction is losing something of its clearness, if not of its importance, another is rising into prominence and clearness, and is probably destined practically to supersede the former, and take its place, much to the convenience of the profession ;—viz., the cases in which a party shall have a right to jury trial, as distinguished from those in which the court may refuse a jury.
For many years this distinction rested on the constitutional provision, that the right of trial by jury should continue as formerly. The Code of Civil procedure has added some statutory rights to such trial.
The amendments to the code passed last season make a very ■important addition to jury trials in equity cases by the fol•lowing changes in Code Civ. Pro. § 970. (L 1891, c. 208, ■taking effect this month, Sept, x, 1891). The words involved in the change are here indicated by italics.
*102 Code Civ. Pro. § 970 :
As it read from 1877 to 1891.
“ Where a party is entitled, by the constitution, or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section 968 of this act, he may apply, upon notice to the court for an order, directing all the questions, arising upon those issues, to be distinctly and plainly stated for trial accordingly. Upon the hearing of the application, the court must cause the issues, to the trial of which, by a jury, the party is entitled, to be distinctly and plainly stated. The subsequent proceedings are the same, as where questions, arising upon the issues, are stated for trial by a jury, in a case where neither party can, as of right, require such a trial; except that the finding of the jury, upon each question so stated, is conclusive in the action, unless the verdict is set aside, or a new trial is granted.”
As it now reads.
§ 970. “ Where a party is entitled by the constitution or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section 968 of this act, or where one or more qitestions arise on the pleadings as to the value of property, or as to the-damages which a party may be-entitled to recover, either party-may apply, upon notice, at any time to the court' for an order-directing all such issues or questions to be distinctly and plainly-stated, for trial accordingly. Upon the hearing of the application the court must cause such issues or questions to.be distinctly and plainly stated. The. subsequent proceedings are the same as where questions arising-upon the issues are stated for trial by a jury in a case where-neither party can, as of right, require such a trial; except that, the finding of the jury, upon each issue or question so stated, is conclusive in the action, unless the verdict is set aside or a. new trial is granted.”
This provision purports to add to the cases where trial by jury is matter of right, all questions arising on the pleadings, as to “ the value of property,” and all as to “ the. damages which a party may be entitled to recover,” and to assure to both parties, the right to demand it if either has. the right.
Questions arising 011 this amendment. It is probable that the principal if not the only legislative motive for the enactment was the removal of the apparent anomaly (resulting from the incomplete merger of law and equity) whereby in an action of an equitable nature, if the right is established but equitable relief unnecessary, the court sitting as the chancellor did, may proceed to assess the damages or give other legal relief, without turning over the plaintiff to an action of a legal nature.
*103 But the literal meaning of the amendment involves much more than this; for there is nothing in its language to restrict its operation to equitable causes ; and unless its interpretation is restrained in view of the general scheme of our procedure, it would enable either party to have a jury trial of thé questions of value and damages in all cases, even those where now a compulsory reference may be ordered by reason of the cause involving a long account.
Another question which may be raised is whether the provision applies to inquests and applications to the court for judgment on the pleadings.
This question is left in a situation a little different from that as to referable causes, by the language of the amendment giving the right to either party to “ apply upon notice at any time.” But if that provision is construed in accordance with existing practice, it requires an application at special term (or, in the first department, special term at chambers) and an independent notice, so that the application could not be matter of right if made at the calling of the circuit calendar, nor in mere response to a special motion for judgment, without cross notice.
Assuming for the present that the amendment is not intended to impair the power given to the court by other provisions, to order a compulsory reference of all the issues arising on the pleadings, let us inquire what is the effect of this clause in cases where a reference is not thus discretionary with the court ?
i. Value of property. In what case does a question arise on the pleadings as to “ the value of property ?”
At common law it was constantly said that averments of amount or value were not traversable ; and that a traverse of such averments formed no issue ; and consequently they were not admitted by failure to deny. In equity no such rule obtained ; and allegations of amount and value were equally efficacious as any other allegations, to form part of the issues to be tried.
The common law rule was applied in a number of early cases under the new procedure, and has been embodied in statutory form in the codes or practice acts of several states. But it is the better opinion that, in this state, and in all others where no such statute exists, the equity doctrine is applicable in all actions legal and equitable, and that allegations of amount or value, wherever so made as-to be allegations of fact, as distinguished from mere opinion or conclusions are, if relevant to the cause, issuable, and admitted if not denied.
The reason for this conclusion is that it was one of the *104 objects of the new procedure, to narrow the questions on the pleadings by requiring specific allegations of every substantive fact sought to be tried, allowing the plaintiff to make these under oath, and thus require a sworn denial. The equity practice shows the f easability and utility of applying this principle to some questions of value, as where the precise value alleged is essential. That there is nothing in this principle incompatible with the common law practice is plain from the fact that wherever an amount or value is a jurisdictional fact at common law, it is traversable and issuable like any other fact. Moreover, questions of liquidated amount in contracts were always capable of being involved in the issue at common law, and were constantly allowed to be the determining factor in questions of variance.
The truth seems to be that the common law rule, however broadly it may be stated in the books, is nothing ' more than this,—that the amount of unliquidated damages, ■ and a question of value when relevant only thereto, are not capable alone of inviting an issue, such as to require trial by court and jury ; and that if defendant takes issue on an allegation of that character only, since he thereby admits the cause of action and raises only a question of damages, he may be sent before a sheriff’s jury and must try the amount there, if at all.
But under the Code as now applied, some allegations of specific fact concerning value or amount relevant to the pleader’s case are admitted if not denied ; and they are in issue if denied; provided that if the denial constitutes only a partial defence it is pleaded as such. See the cases in Abb. Brief on Pleading, p. 440, § 540, etc.; p, 391, § 467, etc.; p. 130, § 139 andp. 649, § 782, etc.
We should, however, in passing, recognize the principle that questions of amount like those of time, place and circumstances, are not usually put in issue by a specific denial restricted to the precise amount. If any greater or "any less amount, or any other time or place would sustain the pleader’s case, it may be that a denial confined to the amount, time or place alleged, would be a negative pregnant, and would admit the allegation in substance, because •a difference of an ounce or a penny would render the allegation literally though not substantially untrue.
If these views be sound, a question of value is not raised on the pleadings by complaint containing a specific allegation of value as a fact, if there is no denial thereof, for the failure to deny is an admission. Hence it will be only where the value is denied, > or perhaps, also where, *105 though not specifically alleged so as to be admitted by not denying, plaintiff is bound to prove value in order to recover, that the right to a jury arises under this clause.
Even if these views as to the traversable character of allegations of amount and value were to be deemed not sound, the amendment is so framed as to apply notwithstanding the view that averments of amount are not issuable, for the language of the amendment does not refer to “ issues,” but to “ questions ” arising on the pleadings ; and the amount of a recovery heretofore assessable by sheriff’s jury, is certainly a “ question arising on the pleadings,” ■even if not an issue.
“ Values ” in what aspect or relation to the cause. This brings us to the inquiry whether the amendment gives a right •of trial by jury of all questions of value arising on the pleadings, or only of those involved in determining the .amount of recovery.
A question of value may arise on the pleadings in -several other ways .—
1. As a jurisdictional fact, the determination of which decides whether the court has jurisdiction of the subject, as in the • case of the limit of the United States circuit court jurisdiction. For the rules as to these questions, see .Abb. Brief on Pleading, p. 303, § 306, etc. ; p. 734, § 922.
2. As material to a question of performance of a condition precedent in a contract, necessary to be proved on the part of a plaintiff to enable him to recover ; in which . case the question may be essential to determine in order to establish the right of action, but yet be irrelevant to the • measure of recovery. ■ So value may be material in determining whether a person was insolvent: so value and depreciation may be questions where damages are not sought but only an injunction or a rescission.
3. The value of property may be a question arising on ■ the pleadings as a ground of basis for computing a recovery not sounding in damages, as where the rule of •one third new for old is to be applied, or where the value -is to be the basis of computing trustees’ commissions, or the value of a life estate in partition.
It is plain that the clause as to value would have been unnecessary if the object were merely to refer to value material only to a question of damages, for the next clause is broad enough to include that. It seems clear, therefore, that where value is material as bearing on the amount of the relative rights of the parties, it is triable by jury under this amendment even though the recovery do not sound in *106 damages. This construction is allowed and required, as. the gen’eral rule, by the principles that a statutory provision is to be so read as to give all its parts effect, but yet. each part may be given a restricted effect so as to make it. of kin to its context.
Whether the amendment will be applied by the courts to. all cases where value is involved in the measure of recovery of a sum which cannot be called damages, is a question of more difficulty. Take, for instance, the value of a widow’s¡ right of dower, or a wife’s inchoate right of dower. At first, blush this may seem a question of law for the court, to be-determined by the tables of mortality under the rule. In some suits the statute may perhaps confine us to that standard. But where it does not, the question is—at least according to some authorities—a question of fact, on which, either party has a right to give in evidence circumstances relevant to the probable expectation of life in the particular case, such as extreme illness or feebleness, etc.
The courts may perhaps exclude several classes of cases,, of a perplexing kind, by interpreting “ property ” here to mean only some tangible thing in contradistinction to rights of ownership.
Cases where value is only collaterally involved may usually be excluded on the ground that they are not, within the meaning of the statute, questions of value arising on the pleadings ; but only questions of evidence.
Cases where value is only material as affecting jurisdiction and is in issue, come plainly within the words of the statute. But even if it be determined that they come within its legitimate meaning the inquiry remains whether this rule can affect the mode of trying the question in a federal court. Of course it cannot in any but an action of a legal nature ; and in those actions the right of trial by jury is already secure on other grounds except in cases compulsorily referable. But in many of the circuits it is the practice of the court to try this question on affidavits. Moreover the denial of jurisdiction is in some circuits regarded as a dilatory plea waived by pleading to the merits, notwithstanding the Code.
D images which a party may be entitled to recover. A very important question remains as to the second phrase, “ the damages which a party may be entitled to recover.” By the early common law-, an action on a written or sealed obligation was regarded as an action of debt, and even if for money, the sum was conceived as a specific thing recovered not as damages but as specifically reclaimed like a chattel; while an action of assumpsit was originally an *107 action of trespass, the injury being conceived as in the nature of a tort and the recovery mere damages. It is in this way that the word damages came to be applied to recoveries on express promises to pay a sum of money, and to recoveries on liquidated as well asunliquidated demands.
It is probable that the clause as to damages in this amendment will be construed as not referring to liquidated damages, nor to-unliquidated demands in cases heretofore compulsorily referable. In cases not heretofore compulsorily referable, a right to trial by jury is already-secured in all actions of a legal nature. The question then what is a claim for damages within the meaning of this clause will usually arise in actions of an equitable nature in which a money demand such as may be called damages may be involved.
For instance, in foreclosure, a demand for a deficiency judgment against the obliger in the bond or even an assumer of the debt would probably not be deemed a question of damages.
In a stockholder’s action against directors to compel them to make good to the corporation losses by their mismanagement, the money recovery probably would be so-deemed, even though the losses were measured by uncollected obligations of specific amounts.
So in an action for specific performance, the money recovery allowed in lieu of performance where that has-become impracticable would become matter of jury trial. And in an action to abate a nuisance and for damages, either party may now have the damages assessed by a jury.
There is some room for controversy whether the questions referable to a jury under this amendment include anything more than the mere question of amount. The first clause, “ as to value ’’ seems to intend nothing more. A question “as to the value,” is a question what is or was the value. The second clause, “ as to the damages which a party may be entitled to recover,” is literally capable of including the right to recover as well as the sum recoverable. But the natural construction of the whole amendment points to sum or amount as being the only jury question in either class of cases. Still there are many classes-of cases where the claim to a jury is usually pressed upon the ground of the nature of the charge such as a charge of fraud in the case already referred to of a stockholders” action.
*108 Which party. An important alteration in the phraseology of the amendment suggests a purpose to cut into the rule heretofore followed that it is the frame and demand of the •complaint that determines the right to jury trial, not the •character of any defensive matter in the answer. The language of the amendment is appropriate to give the right to •a defendant who raises a question of value by his answer, as well as one who raises a question as to the damages he -may be entitled to recover. And it also recognizes the -right of “ either party ” to apply for a jury trial in all cases where a right thereto exists.
The general view of the result which seems likely to .prevail may be indicated thus:
The right of trial by jury of the whole cause of action ‘is secured by the constitution in the traditional class of common law actions not compulsorily referable.
It is also declared by statute in ejectment, dower, waste, •nuisance, replevin (N. Y. Code Civ. Pro. § 968), and a few other cases of character such that the chancellor had at least concurrent jurisdiction. 21 Abb. N. C. 279.
It is now secured as to value of tangible things, the subject of property, if the value is directly involved in the right of recovery in equitable relief,, or in the measure of recovery of legal relief ; and also as to the amount of unliquidated damages in cases where heretofore a court of 'equity might in its discretion retain an equity suit for the ■purpose of giving damages.
In all these cases either party may have a jury trial, although the action be equitable ; and the verdict is as conclusive as it would be in a common law action, not merely advisory as in the case of feigned issues.
One of the most important aspects of this amendment remains to be noticed. It ought to go far to put an end to the dismissal of actions of an equitable nature on the mere ground that there is an adequate remedy at law.
If the courts give a fairly liberal interpretation to the new provision, very little remains of the substantial distinction between an action of an equitable and one of a legal nature under the Code. In all the classes of cases that fall within it, if defendant wishes to confine plaintiff to his remedy at law let him move for a jury trial of the legal liabilities. For purposes of substantial justice this jury trial with a conclusive verdict is just as good as a new action. There are only two material differences, viz., (1) that by dismissal defendant gets delay and sometimes the benefit of the statute of limitations or intervening insolvency—advantages he ought not to get from an error *109 of form, and (2) that in the equitable action, costs are discretionary, which if the action had been of a legal nature they would be of right,—and this is perhaps a point in favor of a liberal construction of the statute.
Doubtless there are classes of cases such as the right of recovery in ejectment and in replevin which would be plainly beyond the scope of this amendment: but if the principle is sound and its working is found convenient for questions of value and damages in equitable actions, and it justly dispenses with unnecessary dismissal, the principle may well extend itself, as it seems destined to do, to all classes of cases, where there is or ought to be a right to a trial by jury.
It is an interesting commentary on the efforts made by some popular writers to abolish the jury system, that the right to trial by jury is actually extending by successive legislation to new classes of cases.
If the courts should go so far as to hold that every controversy cognizable at common law, which might if raised in an equitable action afford ground for the objection that there was adequate remedy at law, is, after issue, covered by this section as thus amended, so that an order for jury-' trial and not a dismissal will always be the proper disposition of the cause, it will greatly simplify our procedure, in its most troublesome point.

Notes of Cases.

The following are the principal recent cases the rulings in' which on the right of trial by jury are superseded or qualified by this new statute.
Brinckerhoff v. Bostwick, 105 N. Y. 567; rev’g, 43 Hun, 458, holding that an action by plaintiff in his own behalf, as stockholder of a bank, and in behalf of all others similarly situated, against defendants, who were directors of the bank, to call them to account as. trustees for the manner in which they have discbarged their trust, is in equity and triable by the court without a jury.
Brown v. Brown, 52 Hun, 532; s. c., 23 State Rep. 768; 5 N. Y. Supp. 893, holding that the issue of fact is an action for partition,, which, under Code Civ. Pro. § 1544, is triable by jury, is such only as involves the maintenance of the action ; and the section has no. application unless some defense is interposed, which, if successful, would prevent any partition at all.
Clark v. Blumenthal, 52 Super. Ct. 355 ; s. c., 9 Civ. Pro. R. 40, *110 holding in an action to reform a sealed contract for the sale of real estate made by one defendant who was alleged to hold the legal title as trustee for a co-defendant, the real owner of the premises, by inserting the name of the latter, and for damages against the latter by reason of his having induced the nominal owner to convey the premises to a third person in violation of his contract,— that the test of the kind of trial to which a plaintiff is entitled is not the legal conclusion from facts averred in the complaint, but is the nature of his demand, and if, upon any supposed state of facts set up in the complaint, plaintiff claims he has a right to equitable relief, although the facts are clearly insufficient for the purpose of such relief, he has a right to present the claim for adjudication to the court at special term, and cannot be forced in the first instance to a trial by jury.
Clark v. Mosher, 107 N. Y. 118; s. c., 13 Civ. Pro. R. 215 ; rev’g, 5 State Rep. 84, holding that an interpleader though respecting a legal claim, is an equity case, and jury is discretionary with the court.
Cogswell v. N. Y., New Haven, &c., R. R. Co., 105 N. Y. 319; s. c., 12 Civ. Pro. R. 222 ; rev’g, 54 Super. Ct. 92.
Barrick v. Schifferdecker, 48 Hun, 355, holding that in an action to restrain the continuance of a nuisance, and also to recover the damages caused by it, a jury trial is discretionary with the court.
Creighton v. Haggerty, 50 Super. Ct. 9, holdingthat in an action growing out of a contractas to the use of a patent right involving an accounting, defendant is not entitled as matter of right to a jury trial.
Farwell v. Importers’ & Trad. Nat. Bk. of N. Y., 90 N. Y. 483 ; aff’g, 47 Super. Ct. 409, holding that an action to ascertain by accounting the extent of defendant’s lien on the proceeds of a note, and to compel defendant to account for the balance not necessary to satisfy such lien, is for equitable relief, and defendant is not entitled to jury trial.
Krenzle v. Miller, 32 State Rep. 984; s. c., 10 N. Y. Supp. 635, holding on the authority of Bell v. Merrifield, 109 N. Y. 207, an action seeking to impress a trust upon chattel mortgage, alleging undue influence, and seeking an accounting by' the defendant for the proceeds realized upon a sale, to be properly triable by the court notwithstanding a demand for a mone / judgment.
Mandeville v. Avery, 3 N. Y. Supp. 745 ;20 State Rep. 801, holding that an action by a receiver in supplementary proceedings, to set aside as fraudulent a mortgage and sale under foreclosure of the' debtor’s goods, made before the receiver’s appointment and title. *111 and to require the mortgagee to account for the value of the property, is an equitable action triable by the court which it is error to send to the circuit court for trial.
Stono v. Weiller, 32 State Rep. 936 ;s. c., 10 N. Y. Supp. 828, holding that an action to set aside a release as procured by duress ■and to recover damages for the released claim arising out of a malicious prosecution, is properly triable by the court, although it seems that the plaintiff might have declared upon the original cause •of action and have attacked the release before the jury after it had been setup as a defense.
Van Rensselaer v. Van Rensselaer, 113 N. Y. 207 ; s. c., 22 State Rep. 947, holding that where a complaint presents a proper case for •equitable jurisdiction, the fact that the possible result of the action may be a personal judgment does not oust the court of jurisdiction or entitle the defendant to a jury trial.
Compare also Phelps v. Mayor, &c. of N. Y., 25 Abb. N. C. 152, holding an action in the supreme court, where plaintiff asks for equitable relief, but does not show a right thereto, but the complainant shows facts which may entitle him to a legal remedy, which is also demanded, and defendant’s answer puts in issue the facts upon which a recovery at law depends, the action being presented in a •double aspect, the court at special term will retain it, and upon denying equitable relief will allow the parties, on the pleadings as they stand, to test their legal rights in a trial before a jury at circuit.
Compare also Brigham v. Gott, 3 N. Y. Supp. 518 ; s. c., 20 State Rep. 420, holding that a jury trial is properly refused in an action by an executor to set aside a transfer of shares of stock made to defendant by the deceased and to reach the proceeds deposited in bank, and have an accounting as to the transferee’s claim against the deceased ; as the case is within the jurisdiction of a court of equity.